1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDUARD VLADIMIROV                        No.  2:15-cv-1204 MCE AC P
     ANDROSHCHUK,
12
                    Petitioner,
13                                            ORDER AND FINDINGS AND
             v.                               RECOMMENDATIONS
14
     MARTIN BITER, Warden,
15
                    Respondent.
16

17          Petitioner is a state prisoner proceeding pro se on a petition for a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Currently before the Court are petitioner's motions for stay and

19   extension of time.  ECF Nos. 17 and 19.  Also pending is respondent's motion to dismiss the

20   petition as untimely.  ECF No. 11.

21       I.      Motion for Extension of Time

22          On July 26, 2016,[1] petitioner filed a motion for a sixty-day extension of time in order to

23   respond to respondent's opposition to the motion for stay.  ECF No. 19.  Petitioner's reply to

24   respondent's opposition was due on July 19, 2016.  See L.R. 230(l) (the moving party may file a

25   reply to the opposition no more than seven days after the opposition has been filed in CM/ECF).

26   Petitioner's motion for an extension of time was filed after the reply was due.  The court may, for

27   ───────────────────

28   [1]  Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox
     rule.  See Houston v. Lack, 487 U.S. 266, 276 (1988).

                                                   1

good cause, extend the time if a request is made before the original time expires.  Rule 12 of the

Rules Governing Section 2254; Fed. R. Civ. P. 6(b)(1)(A).  The motion for extension was filed

after the time to reply, did not establish excusable neglect for the untimely motion, and failed to

establish good cause for the lengthy extension requested.  The motion for extension is therefore

denied.

II.     Motion to Stay

Petitioner filed a motion for stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), in

order to develop and have new evidence tested in state court.  ECF No. 17.  In the alternative,

petitioner moved for an extension of time of ninety days to file an opposition to respondent's

motion to dismiss.  Id.

District courts have the authority to issue stays where such a stay would be a proper

exercise of discretion.  Rhines, 544 U.S. at 277.  Under Rhines, the district court stays a mixed

petition[2] while the petitioner exhausts unexhausted claims in state court.  544 U.S. at 277.  Rhines

instructs district courts to stay, rather than dismiss, a mixed petition, only "in limited

circumstances," namely when three conditions are met: "[(1)] the petitioner had good cause for

his failure to exhaust, [(2)] his unexhausted claims are potentially meritorious, and [(3)] there is

no indication that the petitioner engaged in intentionally dilatory litigation tactics."  544 U.S. at

277-78.

As an initial matter, respondent argues that there are not any unexhausted claims within

the petition (ECF No. 18), and a review of the petition supports that argument (ECF No. 1 at 3-5).

Petitioner's "new evidence" appears to relate to Ground One of the petition (id. at 5), which the

petition represents is exhausted (id. at 3-4).  If the petition contains only exhausted claims, a

Rhines stay is unnecessary.  If the petition is in fact fully exhausted, then petitioner may seek to

stay an exhausted-claims-only petition using the procedure outlined in Kelly v. Small, 315 F.3d

1063 (9th Cir. 2003).  "Pursuant to the Kelly procedure, (1) a petitioner amends his petition to

delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully

---

[2]  A "mixed" petition is a single petition that includes both exhausted and unexhausted claims.
Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016).

1  exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the

2  deleted claims; and (3) the petitioner later amends his [federal] petition" to reincorporate the

3  newly exhausted claims.  King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315

4  F.3d at 1070-71).  The Kelly stay-and-abeyance procedure does not require a showing of good

5  cause or potential merit.  However, using the Kelly procedure means that any newly-exhausted

6  claims later added to the federal petition by amendment must relate back to the claims in the

7  stayed petition; in other words, "the Kelly procedure, unlike the Rhines procedure, does nothing

8  to protect a petitioner's unexhausted claims from untimeliness in the interim."  King, 564 F.3d at

9  1141.  The court may deny a request for stay under Kelly if it is clear that newly-exhausted claims

10  would be time-barred.  See id. at 1141-42.

11         Since petitioner has not requested a Kelly stay, the court will not address the issue any

12  further other than to advise petitioner that if he chooses to move for a Kelly stay at a later date, he

13  will need to first establish that newly-exhausted claims would be timely.  Failure to do so will

14  result in a recommendation a request for a Kelly stay be denied.

15         Assuming that the petition is mixed, the court must determine whether the Rhines

16  conditions are satisfied.  Petitioner requests a stay in order to have DNA reports analyzed.  ECF

17  No. 17.  Respondent opposes the motion to stay on the ground that petitioner does not explain

18  how his "new evidence" would excuse his untimely claims.  ECF No. 18.  Because the evidence

19  has not been analyzed, its significance is currently unknown and there is no way for the court to

20  determine whether petitioner's claims are potentially meritorious.  Without a finding that the

21  claims have potential merit, the court cannot grant a Rhines stay.

22         With respect to respondent's argument that petitioner's new evidence does not address the

23  untimeliness of his petition, it appears that petitioner may be making a claim of actual innocence

24  based on new DNA evidence.  ECF No. 1 at 5.  However, "petitioner must produce proof of his

25  innocence that is sufficient to convince a federal court that a failure to entertain his claim would

26  constitute a fundamental miscarriage of justice" in order to invoke the actual innocence exception

27  to the statute of limitations.  Larsen v. Soto, 742 F.3d 1083, 1096 (9th Cir. 2013) (citing Lee v.

28  Lampert, 653 F.3d 929, 937-38 (9th Cir. 2011).

1    The Supreme Court held in <u>Schlup v. Delo</u>, 513 U.S. 298, 314-15 (1995), that a habeas

2    petitioner who makes a "colorable claim of factual innocence" that would implicate a

3    "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional

4    claim[s] considered on the merits."   To invoke the miscarriage of justice exception to AEDPA's

5    statute of limitations, a petitioner must show that it is more likely than not that no reasonable

6    juror would have convicted him in light of the new evidence.  <u>McQuiggin v. Perkins</u>, 133 S. Ct.

7    1924, 1928 (2013).  This exception is concerned with actual, as opposed to legal, innocence and

8    must be based on reliable evidence not presented at trial.  <u>Schlup</u>, 513 U.S. at 324; <u>Calderon v.</u>

9    <u>Thompson</u>, 523 U.S. 538, 559 (1998).  To make a credible claim of actual innocence, petitioner

10   must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

11   eyewitness accounts, or critical physical evidence—that was not presented at trial." <u>Schlup</u>, 513

12   U.S. at 324.   Here, petitioner has proffered not reliable new evidence, but speculation about the

13   possibility of new evidence.  Because petitioner states that the DNA reports have not been

14   analyzed and interpreted, their exculpatory value is unknown and they are insufficient to establish

15   a "colorable claim of factual innocence."  Staying the case would therefore be inappropriate, as it

16   is unclear whether the evidence petitioner seeks to pursue would have any bearing on the

17   timeliness of his petition.

18   Petitioner requests that, if the court does not issue a stay, he be given an extension of time

19   of ninety days in order to file an opposition to the motion to dismiss.  ECF No. 17.  Petitioner

20   previously requested and was granted two extensions of time to respond to the motion to dismiss.

21   ECF Nos. 14, 16.  In the order granting petitioner's first request for extension, he was explicitly

22   reminded that he needed to address respondent's argument that his petition was barred by the

23   statute of limitations.  ECF No. 14.  In the order granting petitioner a second extension of time,

24   the court informed him that no further extensions of time would be granted absent a showing of

25   extraordinary circumstances.  ECF No. 16.

26   Respondent filed his motion to dismiss on March 10, 2016.  ECF No. 11.  At the time

27   petitioner filed his motion for stay or extension, he had had over three months in which to file a

28   response to the motion to dismiss.  The motion does not made a showing of extraordinary

4

1   circumstances or explain what petitioner was doing during those three months, and as noted

2   above it fails to address how the new evidence would overcome respondent's claim that his

3   petition is untimely.  Petitioner should have been working on his response during the previously

4   granted extensions.  It has now been seven months since respondent filed his motion to dismiss.

5   Petitioner will be granted twenty-one days in which to file his opposition.  No further extensions

6   of time will be granted and failure to respond to the motion to dismiss will result in a

7   recommendation that the case be dismissed.

8         Petitioner is instructed that his response to the motion to dismiss must address the

9   expiration of the statute of limitations alleged by respondent.  The court cannot address any

10   arguments on the merits if this action is barred due to the expiration of the statute of limitations.

11   III.   Summary

12        Petitioner's motion for an extension of time to reply to the opposition to his motion for

13   stay is denied because it is untimely and does not explain why it is late or why petitioner needs so

14   much time.

15        It is recommended that petitioner's motion for stay be denied because petitioner's new

16   evidence has not been analyzed yet, so the court cannot determine whether petitioner's claim

17   potentially has merit.  It is also denied because petitioner has not shown how the new evidence

18   would overcome respondent's claim that the petition is untimely.

19        Petitioner's request for an extra ninety days to respond to the motion to dismiss is partially

20   granted.  Petitioner will have twenty-one days to file a response and the response must address

21   respondent's claim that his petition is untimely.  No further extensions of time will be granted and

22   if petitioner does not file a response to the motion to dismiss the undersigned will recommend this

23   case be dismissed.

24        Accordingly, IT IS HEREBY ORDERED that:

25        1.  Petitioner's motion for extension of time to reply to respondent's opposition (ECF No.

26   19) is denied.

27        2.  Petitioner's motion for a ninety-day extension of time to respond to the motion to

28   dismiss (ECF No. 17) is granted in part.  Within twenty one days after the filing date of this order,

1  petitioner shall file and serve an opposition to respondent's motion to dismiss.  No further

2  extensions of time will be granted.  Failure to file a response to the motion to dismiss will result

3  in a recommendation that this case be dismissed.

4         IT IS FURTHER RECOMMENDED that petitioner's motion for stay (ECF No. 17) be

5  denied.

6         These findings and recommendations are submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8  after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

11  objections shall be filed and served within fourteen days after service of the objections.  The

12  parties are advised that failure to file objections within the specified time may waive the right to

13  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14  DATED: October 18, 2016

15  _____

16  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28