UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARD VLADIMIROV ANDROSHCHUK,<br><br>Petitioner,<br><br>v.<br><br>MARTIN BITER,<br><br>Respondent. | No. 2:15-cv-1204-MCE-AC P<br><br>**ORDER** |

Petitioner Eduard Vladimirov Androshchuk is a state prisoner proceeding pro se under 28 U.S.C. § 2254. Petitioner filed a petition for a writ of habeas corpus against Respondent Martin Biter on June 5, 2015. ECF No. 1. Thereafter, on March 10, 2016, Respondent filed a motion to dismiss, which—after numerous extensions—was fully briefed on January 27, 2017. See ECF Nos. 11 (Mot. to Dism.), 22 (Opp.), 27 (Reply). On March 17, 2017, the magistrate judge issued an order and findings and recommendations, ordering that M. Eliot Spearman, High Desert State Prison Warden, be substituted as Respondent in place of Martin Biter, and recommending that Respondent's motion to dismiss be granted. ECF No. 29. The findings and recommendations notified the parties that objections were to be filed within ten (10) days of service of the document. Id. at 15. The parties were further notified that "[d]ue to

1

exigencies in the court's calendar, no extensions of time will be granted." Id. Finally, Petitioner was also explicitly "informed that in order to obtain the district judge's independent review and preserve issues for appeal, he need only identify the findings and recommendations to which he objects. . . . [he need not] reproduce his arguments on the issues." Id.

Having received no objections from either party, the Court adopted the findings and recommendations of the magistrate judge on March 31, 2017, granting Respondent's motion to dismiss and entering judgment in his favor. Order, ECF No. 30. Subsequently, however, on April 10, 2017, Petitioner's objections to the findings and recommendations were electronically filed. Petitioner specifically objects to "the F&R's entire reasoning in denying Ground One." Because those objections were not considered by the Court in its already issued order, Petitioner has now moved for reconsideration. Recon. Mot., ECF No. 33.

Since this motion is seeking reconsideration of a final judgment and was timely filed, the Court will treat it as a Rule 59(e) motion. A court should be loath to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)). Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

While Rule 59(e) permits a district court to reconsider and amend a previous order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)). Indeed, a district court should not grant a

motion for reconsideration "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citing School Dist. No. 1J v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief under Rule 59(e). Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Finally, motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

Petitioner argues that he did not receive the findings and recommendations until March 24, 2017, and that he timely filed his written objections thereto nine days later on April 2. Recon. Mot. at 1-2. Petitioner has provided no documentation supporting his claim that he did not receive the findings and recommendations until March 24. Nevertheless, he has submitted with his motion a signed verification that purports to verify the information contained in his moving papers, which information is reasonably within his knowledge. Moreover, the Court understands that mail delivery to and from the prisons can be delayed and has no reason to believe Petitioner's claimed delay of one week from the filing of the findings and recommendations to service on Petitioner is unbelievable. Therefore, because the Court did not previously consider Petitioner's timely filed objections, the Court hereby GRANTS Petitioner's motion for reconsideration, ECF No. 33.

In light of that ruling, the Court has reconsidered its March 31 Order adopting the magistrate judge's findings and recommendations. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a de novo review

of this case. In addition to the parties' briefing and other relevant documents in the file, the Court has specifically reviewed Petitioner's objections (ECF No. 32). Having carefully reviewed the entire file, the Court continues to find the findings and recommendations to be supported by the record and by proper analysis. Accordingly, it is hereby ordered that:

1. Petitioner's Motion for Reconsideration, ECF No. 33, is GRANTED.

2. The findings and recommendations filed March 17, 2017 (ECF No. 29), are ADOPTED IN FULL;

3. Respondent's motion to dismiss (ECF No. 11) is GRANTED and judgment is entered for respondent.

4. For the reasons outlined in the findings and recommendations, this Court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

IT IS SO ORDERED.

Dated: October 10, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE